# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT C. SHROUT,**

      **Petitioner,**

**v.**                            **CIVIL ACTION NO. 1:03CV239**
                                            **(Judge Broadwater)**

**EVELYN SEIFERT, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On November 6, 2003, the *pro se* petitioner, Robert Shrout ("Shrout") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 and 28 U.S.C. §2241. This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13.[1]

### II. FACTS

#### A. Conviction

On December 1, 1984, Shrout was found guilty by a jury for the Circuit Court of Monongalia County of felony- murder. On January 24, 1985, a jury found Shrout to be a recidivist for purposes of sentencing enhancement. In January 1985, Shrout was sentenced to life with mercy plus an additional five years for conviction of a prior felony. Shrout was re-sentenced by order entered on

---

[1]The petition has been reviewed under 28 U.S.C. §2254 only because according to 28 U.S.C. §2242, a §2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention. Here, the petitioner is challenging his conviction which is not a proper issue for a §2241 proceeding.

April 18, 1986, to the same term of imprisonment.[2] Shrout is currently incarcerated at the Northern Regional Jail and Correctional Facility in Moundsville, West Virginia.

## B. Appeal

Shrout filed a direct appeal which was refused by the West Virginia Supreme Court of Appeals on July 14, 1987.

## C. State Petition for Habeas Corpus

In 1988, Shrout filed a petition for writ of habeas corpus in the Circuit Court of Monongalia County. An omnibus hearing was held. On May 30, 1990, the circuit court denied Shrout's petition. Shrout states that he does not know if his appeal was taken.

Thereafter, on October 9, 2001, Shrout filed another petition for habeas corpus in circuit court. By order entered on January 24, 2002, the circuit court dismissed Shrout's petition because he had previously filed a habeas petition which was denied after an omnibus hearing was held. Shrout also filed a petition for appeal which was denied by the West Virginia Supreme Court of Appeals on October 31, 2002.

## D. Federal Petition for Habeas Corpus

On April 23, 2002, Shrout filed a petition pursuant to 28 U.S.C. §2254 with this Court (case no. 1:02cv56). In his petition, he stated that in 1999, Mr. George Castelle, Chief Public Defender in Kanawha County, advised him that Fred Zain may have been involved with the crime lab investigation of his case. According to Shrout, he wrote Mr. Castelle numerous times, but received

---

[2]In case no. 1:02cv56, Shrout's trial counsel filed a "Brief in Lieu of Petition for Appeal" in which he asserted that a direct appeal would be "wholly frivolous." The Supreme Court of Appeals refused the appeal. Thereafter, Shrout filed an original jurisdiction habeas petition with the West Virginia Supreme Court of Appeals. The West Virginia Supreme Court ordered that Shrout be re-sentenced so that he could perfect a direct appeal of his conviction.

no response.

The Court ordered the respondent to answer the §2254 petition. The respondent asserted that the petition should be dismissed as untimely. The respondent also stated that Fred Zain was not involved in Shrout's case, and that because Shrout knew of the Zain issue by December 31, 1999, he had until December 31, 2000, to file a federal habeas corpus petition. However, Shrout filed nothing until October 9, 2001, when he filed a state habeas petition.

By order entered on January 9, 2003, the case was denied and dismissed as untimely.

Subsequently, on November 6, 2003, Shrout filed another §2254 petition in which he raised one ground:

> The petitioner was denied his right to file a petition for post-conviction habeas corpus relief based upon grounds not yet adjudicated or waived. Thereby entitling your petitioner to an evidentiary hearing.

Specifically, the petitioner asserts that the state habeas court failed to give him an opportunity to present his claim involving the misconduct of Fred Zain.

### III. ANALYSIS

The petition should be dismissed because it is successive. Pursuant to 28 U.S.C. §2244(b)(3), prior to filing a successive petition with the district court, a petitioner must seek an order from the court of appeals authorizing the district court to consider the application. In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002).

Although Shrout's first § 2254 petition was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of

the Fourth Circuit. See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Casas, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); see also United States v. Flanory, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002) .

## IV. RECOMMENDATION

It is recommended that Shrout's petition filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE because it is a successive petition.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Opinion/Report and Recommendation to Shrout.

Dated: April 25, 2005

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**